

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-15-556

| | |
|---|---|
| BRANDON MORIN<br><br>APPELLANT | **Opinion Delivered:** December 2, 2015 |
| V. | APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO.JV-2014-0107-3] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | HONORABLE EDWIN KEATON, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

Appellant appeals from the circuit court's termination of his parental rights to A.M., born 7/21/2010; A.M., born 6/21/2012; and I.M., born 9/19/2013.[1] Appellant's counsel has filed a motion to withdraw as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se

---

[1] The rights of the children's mother, Annie Morin, were terminated pursuant to the same order; however, Annie has not appealed the termination of her rights and is not a party to this appeal.

[2] 359 Ark. 131, 194 S.W.3d 739 (2003).

[3] (2014).

SLIP OPINION

points for reversal. Appellant has failed to file any pro se points. We affirm and grant counsel's motion to withdraw.

The Arkansas Department of Human Services (DHS) became involved with appellant following a report on May 5, 2014, that the children were not attending school but once a month, that at least one child had been in the streets alone, that the same child had sores all over his body, and that the children's home had a "horrible stench." An investigator went to appellant's home on May 6, 2014. The investigator had to call law enforcement to gain entry to the home after hearing a child's voice, but receiving no answer at the door. The child eventually woke his parents up, which included appellant, and the mother opened the door. The investigator saw clutter and indentions in the carpet indicating holes in the floor. Appellant submitted to a drug test in which he tested positive for THC, methamphetamines, and amphetamine. The mother advised the investigator that the family was living in the home because they had no electricity in their own home. She admitted that the oldest child did not go to school regularly. Appellant appeared to be under the influence of an illegal substance during the interview. A 72-hour hold was taken on the children at that time.

DHS filed a petition for emergency custody and dependency-neglect due to parental unfitness on May 9, 2014. An ex-parte order was entered on May 9, 2014. Following a probable-cause hearing on May 12, 2014, an order was entered on May 30, 2014, finding probable cause that the emergency conditions that necessitated removal of the juveniles from appellant's custody continued. Though he received notice, appellant did not appear at the probable-cause hearing.

Following a hearing on June 16, 2014, the circuit court entered an adjudication and disposition order on August 8, 2014, adjudicating the children as dependent-neglected. Therein, it specifically found that appellant tested positive for illegal drugs while the children were in his care and custody. The goal of the case was reunification and supervised visitation was permitted so long as appellant tested negative for all illegal drugs. Appellant was ordered to follow the case plan and obey court orders; obtain and maintain adequate and suitable housing, keeping all utilities on; complete parenting classes; submit and test negative to random drug screens; undergo a psychological evaluation; complete and follow the recommendations of a drug assessment; not use or possess any illegal drugs; and attend and participate in individual counseling. Regarding drug screens, the circuit court advised appellant that any failure to submit a urine sample within forty-five minutes of a request would be considered a positive drug screen.

In a review order entered October 30, 2014, the circuit court stated that appellant had not complied with the case plan and court orders, specifically noting that it would have put appellant in jail if he had shown up at the September 15, 2014 hearing. Additionally, the circuit court ordered appellant to appear at the DHS office, no later than 4:00 p.m., every Tuesday and Thursday for a drug screen.

DHS filed a petition for termination of appellant's parental rights on November 13, 2014, citing the following grounds:

1. That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues of factors or rehabilitate



the parent's circumstances that prevent placement of the juvenile in the custody of the parent;[4]

2. That the parent has subjected any juvenile to aggravated circumstances, specifically, that there is little likelihood that services to the family will result in successful reunification;[5] and

3. That the parent has abandoned the juvenile.[6]

Following a hearing on December 1, 2014, a review order was entered on January 13, 2015, in which the circuit court set a termination of parental rights hearing for February 6, 2015. The goal of the case remained reunification up to and through this order.

At the termination hearing, appellant's caseworker testified that appellant had completed only 8 out of 41 scheduled drug screens;[7] had stated he did not use drugs on his assessment although he admitted using at the time of the children's removal; had not obtained and maintained a suitable home with all utilities; had last visited the children on November 12, 2014, and in August before that; had not completed the psychological evaluation; and had not entered counseling. Appellant had a job currently that required him

---

[4] Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)(*a*) (Supp. 2013).

[5] Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(*a*)(*3*). We note that in the statute, this ground requires a finding from that court that the children have been subjected to aggravated circumstances which may include a determination by a judge that there is little likelihood that services to the family will result in successful reunification. DHS did not assert that the court made this determination and this court did not find any evidence that the circuit court had made this determination prior to this petition.

[6] Ark. Code Ann. § 9–27–341(b)(3)(B)(iv).

[7] Appellant failed to submit a urine sample within forty-five minutes of a request and so the same was treated as a positive drug screen, in addition to seven other submitted screens.

to be on the road "a lot" although he had not submitted proof of employment prior to December and had submitted no proof of income. She also stated that appellant had been arrested for public intoxication on July 4, 2014, and arrested again on October 30, 2014, on an old warrant. Appellant had refused a drug screen on July 9, 2014, and had tested positive for amphetamines and methamphetamines on September 15, 2014.

The adoption specialist testified that a relative was interested in adopting appellant's children. She stated that there is "typically no difficulty" in getting children adopted who were the ages of appellant's children.

The children's mother testified that she and appellant were living in the truck they drove for employment and that they drove mostly in the northeast and southeast of the country. She stated that appellant had taken the last two weeks prior to the hearing off from work.[8] She testified that they had no transportation beyond the company truck, which was to be used for work purposes only. She advised that appellant was again arrested for public intoxication within twenty-four hours of his release from his July 4, 2014 arrest for public intoxication. She further advised that the trailer they were currently living in was her mother's and that they were living there temporarily.

Appellant admitted that he had "used drugs in the past," had not completed parenting classes, had never set up or attended any counseling sessions, had had three jobs since the case was opened, had not completed the drug assessment because he "didn't feel like [he] needed a drug assessment," and had not done anything under the case plan. He stated that

---

[8] Appellant did not visit the children during this time.

he had not visited with the children more because he was out of state and was "unable" to make it.

The circuit court announced from the bench that it was terminating appellant's parental rights, finding termination to be in the children's best interest due to his lack of stability and specifically noting that he had not visited the children since November 12, 2014. Furthermore, it found that there was little likelihood that continued services to the family would result in reunification of the family. It entered an order reflecting the same on March 19, 2015.

In compliance with *Linker-Flores* and Rule 6-9(i), counsel ordered the entire record and found that, after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately covered the sufficiency of the evidence in support of termination of appellant's parental rights, which was the only ruling adverse to appellant. After carefully examining the brief, as presented to us, we conclude that the appeal is wholly without merit. Accordingly, we affirm the termination of appellant's parental rights and grant counsel's motion to withdraw as counsel.

Affirmed; motion to withdraw granted.

GRUBER and VAUGHT, JJ., agree.

*The Potter Law Firm, LLP*, by: *Thomas A. Potter*, for appellant.

No response.